NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 8 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXINE RUSSELL, | No.   14-56046 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-06050-PSG-SS |
| v. | |
| UNITED STATES DEPARTMENT OF STATE; UNITED STATES FEDERAL BUREAU OF INVESTIGATION, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 6, 2016**
Pasadena, California

Before: GOULD, MELLOY***, and HURWITZ, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Maxine Russell filed three requests under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking records relating to her son's death in China. The State Department (the "Department") disclosed some records and withheld others, citing various FOIA exemptions. Russell sued, challenging both the withholding and the adequacy of the Department's search. The district court granted summary judgment to Russell on one FOIA exemption and to the Department on the remaining FOIA exemptions and the adequacy of the search. This appeal challenges only the adequacy finding. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. Russell argues that the district court erred in admitting the declarations of the successive heads of the Department FOIA office, because the declarations contained hearsay and were not entirely based on personal knowledge. But, "'an affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy' the personal knowledge requirement of Federal Rule of Civil Procedure 56." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 990 (9th Cir. 2009) (alteration omitted) (quoting *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d Cir. 1994)). Russell asks us to overrule *Lahr*, but a three-judge panel cannot do so without intervening Supreme Court authority. *Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

2. Russell next argues that, at most, *Lahr* allows an official to testify about a FOIA search she *directly* supervised, and that the declarants were too far removed

2

from the searches at issue. But, nothing in *Lahr* or its sister cases supports that rule. *Lahr* requires only that the affiant be "responsible for supervising" the search, 569 F.3d at 990, and the affiant in *Lahr* does not appear to have directly supervised all of the searches at issue, *see id.* at 986. Our sister Circuits similarly require only that the agency submit declarations from the "responsible agency officials" who are best positioned to submit a "comprehensive" declaration. *See Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

3. Finally, Russell contends that the district court abused its discretion by denying her request for discovery to determine if one of the declarants "had sufficient personal knowledge of the matters set forth in her declaration regarding her agency's search." This argument necessarily falls in light of *Lahr*.

**AFFIRMED.**